## URIAH P. LEVY *v.* WILLIAM B. BEND.

Damages for a willful trespass of the landlord upon the demised premises, are not the subject of a set off against rent due upon a lease; and damages for the trespass, *as such*, and not in itself constituting a breach of the contract declared upon, cannot be proved for the purpose of recoupment.

A mere trespass is not a breach of a covenant for quiet enjoyment. If the tenant, to avoid payment of rent, would rely upon such a covenant, he must show acts of the landlord amounting to an eviction.

In an action for rent, the answer alleged that the landlord falsely represented certain water pipes upon the demised premises to have been properly made. The time of the misrepresentation was not stated, nor whether it was willful, or made as an inducement to the hiring, or relied upon by the tenant. Although the answer claimed a deduction from the rent, for repairs upon the *house*, and also averred that an agreement by him to keep the pipes in order was rendered void by the fraudulent representation, and that he was therefore entitled to repayment of the moneys paid by him for that purpose, which he sought to set off and claim by way of recoupment; yet there was no specific allegation that he had actually made such repairs nor paid any money therefor, and no damages were specified as sustained by him from the misrepresentation. *Held*, that sufficient foundation was not laid in the answer for evidence of the alleged misrepresentation and repairs.

Where an answer, after alleging that an agreement set up in a complaint, was "incorrectly stated," proceeded to controvert several parts of it, without referring to other portions, and without any further or general denial; it was *held*, that the agreement, except those parts specifically denied, was admitted in the pleadings.

THIS was an action for rent. The plaintiff complained upon a lease, as follows : That on or before the first day of November, 1847, the defendant agreed with the plaintiff to hire and take from the said plaintiff the house and premises known as No. 107 St. Mark's Place, Eighth street, in the city of New York, for the term of eighteen months, commencing on the first day of November, 1847, and ending on the first day of May, 1849. That the defendant further agreed to pay, for the

use of said house, at the rate of one thousand dollars per annum, in equal quarterly payments of two hundred and fifty dollars each, on the first days of February, May, August and November, 1848, and of February and May, 1849.

"That the defendant, in and by his said agreement, undertook and promised to keep the said house, with the appurtenances, in good and tenantable order, and to leave the same at the expiration of the time limited in the said agreement, in such good and tenantable order and condition as reasonable use thereof would permit. And the said defendant further agreed and specially stipulated to keep the Croton water pipes in the said house in order."

The complaint also claimed damages for injuries to the premises; but although some testimony was given to sustain the claim, no additional recovery was urged at the trial upon that account.

The answer denied, "that in or by any agreement, the defendant undertook or promised to keep said house, No. 107 St. Mark's Place, with or without the appurtenances, in good or tenantable order, as in the complaint set forth."

It was further alleged in the answer, "that the agreement between the plaintiff and this defendant is incorrectly stated in the complaint; that the defendant denies that he suffered the said house to be seriously injured," &c. "That he denies that there is due the plaintiff from this defendant the sum (alleged in the complaint) for rent of said premises; but this defendant is entitled to a deduction from such rent for repairs put by him upon said house, to the amount;" &c.; "such expense being indispensable to make said premises tenantable; and that he is entitled to a deduction equal to the balance of said rent claimed, for the matters hereinafter specified.

"That the Croton water pipes of said house were made in an unskilful and unworkmanlike manner, and of inferior and insufficient materials; that the plaintiff represented them as made properly and of proper materials; and defendant insists that this was a fraud upon him, and his agreement to keep the same in repair is void and of no binding force or validity

whatever, and he is entitled to repayment of the moneys paid by him for the purpose of keeping the same in repair.

"That in the agreement for the hiring and letting of the premises, the said plaintiff undertook and promised to let this defendant have the sole and uninterrupted use and occupation thereof, during the term of eighteen months, from the first day of November, A. D. 1847; that in violation thereof, during such tenancy, the said plaintiff frequently and at various times has entered in and upon said premises, against the will and express prohibition of the defendant, and remained there a great length of time as a willful trespasser," &c., &c.; "and the defendant insists that he is entitled, by way of recoupment, off set and damages, to claim against the plaintiff to the full amount of the pretended claim of the plaintiff in this action."

The reply alleged that the plaintiff's representation with regard to the construction of the water pipes was correct, and denied the matters set up in the answer, averring that the plaintiff had not visited the house during the tenancy, except with the defendant's consent, to superintend repairs rendered necessary by his neglect, and to show the premises to applicants for a lease, between the first day of February and the expiration of the defendant's term.

The cause was tried before a jury, and, under the instructions of the court, a verdict was found for the plaintiff. Judgment was entered accordingly for $467 63. The defendant appealed to the general term.

*N. Bowditch Blunt*, for the defendant.

I. The agreement between the parties as stated in the complaint is controverted by the answer, and not being proved, the plaintiff cannot recover, even for use and occupation. (1 R. S. 748, sec. 26.)

II. If an agreement is impliedly admitted by the answer, there being no evidence, by admission in pleadings, or proof at trial, of an agreement to pay a specific rent, the defendant was

at liberty to show what was "*a reasonable satisfaction*" for the beneficial use and occupation of the premises he was permitted to enjoy. (*Cowie* v. *Goodwin*, 9 Carr. & Payne, 378 ; *Salisbury* v. *Marshall*, 4 Ibid. 65.)

III. So far as any agreement is established by the pleadings, it must be taken together as an entire and indivisible contract, and the defendant should have been permitted to give evidence by way of recoupment of the plaintiff's failure to perform his part of it. (*Whitbeck* v. *Skinner*, 7 Hill, 53.) The plaintiff's disturbance of the defendant's possession violated the agreement and diminished the value of the premises.

IV. The defendant should have been allowed to off set, and claim, by way of recoupment, "repayment of the moneys paid by him for the purpose of keeping in repair" the Croton water pipes fraudulently represented by the plaintiff to have been "properly made and of proper materials." (*Van Epps* v. *Harrison*, 5 Hill's Rep. 63.)

*E. Delafield Smith*, for the plaintiff.

I. The agreement for the letting and hiring of the premises, and for the payment of a specific rent, as set forth in the complaint, is admitted in the answer. (Code, § 168.) Evidence as to what the premises were worth, was therefore properly excluded.

II. The defendant cannot claim a reduction in rent, recouping his damages for any tortious acts of the landlord, by which defendant was disturbed in his possession of the demised premises. Those damages do not arise out of the contract between the parties ; and the acts complained of are as independent of the covenants between them, as any trespass or other act of force committed by a stranger upon the tenant. (*Cram* v. *Dresser*, 2 Sand. Supr. C. Rep. 120.)

III. There is no pretence that the trespasses alleged in the answer amounted to an eviction ; the fact of possession, therefore, under the agreement, subjects the tenant to payment of rent. (*Etheridge* v. *Osborn*, 12 Wend. 529.) The doctrine of

eviction was carried to its utmost verge in *Dyett* v. *Pendleton*, 8 Cow. ·727. (Savage, C. J., in *Etheridge* v. *Osborn*.) And the wrongful acts alleged to have been committed by the plaintiff, cannot be considered, in any light, as amounting to an eviction. (*Cram* v. *Dresser*, above cited.)

. IV. It is not claimed that plaintiff entered into any agreement to repair, nor that he consented to, or knew of repairs alleged to have been ordered by defendant. He is, therefore, not accountable for any repairs made by defendant, and they cannot be shown by way of set off or recoupment to the rent admitted to be due. (*Bartholomew* v. *Jackson*, 20 John. 28 ; *Mumford* v. *Brown*. 6 Cow. 475.)

. By the Court. Woodruff, J.—The exceptions taken by the defendant in this cause are to the rejection of the evidence offered by him upon the trial, to establish a recoupment and set off. The first ground upon which the evidence was offered, as stated by the defendant's counsel at the trial, was, " that in the absence of proof of any agreement to pay a specific rent, the defendant was at liberty to show how much the premises were reasonably worth in their deteriorated state."

On the argument of the appeal, the defendant's counsel have urged the same propositions, together with some others which do not appear to have been taken on the trial at all.

. In regard to this branch of the case, it is sufficient to say that the assumption upon which it rests is groundless. The complaint avers a distinct agreement to hire the house in question for eighteen months, and to pay therefor at the rate of $1,000 per annum. The agreement in this respect is not denied. The defendant says the agreement is incorrectly stated, denying that he agreed to keep the house in good and tenantable order, &c., but he does not deny the hiring, the term, nor the specific rent. They were therefore admitted, and no proof of any facts tending merely to show the *value* of the premises was admissible. The second ground urged was, that " the defendant was at liberty to show a disturbance in the possession and the diminution of value occasioned thereby."

The disturbance of the possession, set up in the answer, is distinctly and in terms alleged to have been a tortious intrusion by the plaintiff "as a willful trespasser." Damages for a *willful trespass* are clearly not the subject of a set off.

Nor is it less clear that damages for such a trespass, *as such*, and not in itself constituting a breach of the contract declared upon, cannot be proved for the purpose of recoupment.

The only pretence for regarding this trespass as a breach of contract, is found in the allegation of defendant in his answer, that in the agreement of hiring and letting, the plaintiff promised, &c., to let the defendant have the sole and uninterrupted use and occupation, &c. Regarding this allegation in the light most favorable to the defendant, as a covenant or agreement for quiet enjoyment, it will not warrant the evidence offered. A mere trespass is not a breach of such a covenant; nothing less than an eviction would sustain an action on such a covenant. It is not claimed that this was an eviction. (See *Ogilvie* v. *Hull*, 5 Hill, 52.)

But the appellant urges a reversal upon another ground, not taken at the trial, to wit, that the plaintiff represented the water pipes, &c., &c., to have been properly made and of proper materials, when, in fact, they were made in an unworkmanlike manner and of inferior and insufficient materials, and that the defendant should, therefore, "have been allowed to off set and claim, by way of recoupment, repayment of moneys paid by him for the purpose of keeping them in repair."

The complaint avers, and the answer admits, that the defendant agreed to keep those water pipes in repair. The answer does not state at what time the representation was made, whether before or after the hiring of the premises, nor that the representation was made as an inducement to the hiring, nor relied upon by the defendant, nor that the misrepresentation was willful, nor that the plaintiff did not make it innocently.

The answer does not specifically state that any damages were sustained by the defendant from the misrepresentation, nor that any repairs were in fact made by him, nor that he paid

any moneys for such repairs. True, he says he "is entitled to a deduction from the rent for repairs put by him upon the *house ;*" but this is not averring that he in fact put on repairs ; and if it *were,* this is not averring that he repaired the water pipes, which were the subject of the alleged misrepresentation.

In regard to the pipes, he says, "he is entitled to repayment of the moneys paid by him for the purpose of keeping them in repair." He does not aver that they were at any time repaired by him, nor that he paid any money therefor.

I think the defendant has failed to lay the foundation by his answer for the evidence which he offered, and that the judgment should be affirmed.

Judgment affirmed.